IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| CORSAIR SPECIAL SITUATIONS FUND, L.P., | * |
| Plaintiff, | * |
| v. | * Case No.: 09-1201-PWG |
| ENGINEERED FRAMING SYS., INC., | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Supplemental Memorandum in Support of Entry of Money Judgment and Declaratory Relief ("Pl.'s Supp. Mem."), Paper No. 35, that Plaintiff Corsair Special Situations Fund, L.P ("Corsair") filed on April 15, 2010; the Response to Plaintiff's Supplemental Memorandum in Support of Entry of Money Judgment and Declaratory Relief ("Defs.' Resp."), Paper No. 36, that Defendants Engineered Framing Systems, Inc. ("Engineered"), EFS Structures, Inc. ("EFS"), John J. Hildreth, and Marie N. Hildreth filed on May 17, 2010; and Plaintiff's Reply to Defendants' Response ("Pl.'s Reply"), Paper No. 37, filed on June 1, 2010. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Plaintiff's Motion for Summary Judgment as to damages and declaratory relief is GRANTED. The order accompanying this Memorandum Opinion disposes of Paper Nos. 35, 36, and 37.

I. BACKGROUND

Pursuant to an amended settlement agreement ("First Amendment" or "1st Am.") in an earlier action, Defendants agreed to pay Plaintiff $4,875,000.00 by June 30, 2008. 1st Am. 2 ¶ 1(a), Pl.'s Mem. in Support of Mot. for Summ. J. Ex. C ("Pl.'s Mem."), Paper No. 25-4. As "additional collateral security" from Defendants, the First Amendment identified Patent No. 7,299,596 (the "Patent"), which Defendant John Hildreth had received on November 27, 2007. 1st Am. at 3 ¶ 2. The First Amendment provided:

> a. For good, valuable and sufficient consideration, John J. Hildreth hereby grants to Corsair a security interest in all rights, title and interest in and to the Patent and to any and all inventions and improvements described or claimed in the Patent, any and all foreign applications or filings of the Patent, all licenses, royalties, damages, claims and payments now or hereafter due and/or payable under or with respect to the Patent including, without limitation, damages and payments for past and future infringements of the Patent (the "Intellectual Property") as collateral security for prompt payment of Engineered's present indebtedness as defined in the Settlement Agreement all as more fully set forth in a Patent Security Agreement of even date herewith from John J. Hildreth in favor of Corsair, a copy of which is set forth on Exhibit A which shall be executed simultaneously with this Agreement.
>
> b. The foregoing security interest is a present grant of a security interest and only upon the occurrence of the non-payment of any of the settlement amounts due under the Settlement Agreement as amended hereby, or any other default under the Settlement Agreement shall the security interest become an absolute assignment to Corsair or others, and Corsair is hereby granted an irrevocable power of attorney to so designate such absolute assignment on the records of the U.S. Patent and Trademark Office upon any such default.

*Id.* at 3 ¶ 2(a)-(b). Also, the First Amendment provided that Defendant John Hildreth had not used and would not use "the Patent or other Intellectual Property as collateral or security for any loan, financial obligation, or any other purpose without Corsair's express written consent, which shall not be unreasonably withheld." *Id.* at 3 ¶ 4. Further, even with consent, Hildreth would only use the Patent to secure a loan to "be used, at least in part, to satisfy the payment obligations set forth in [the First Amendment]." *Id.* The Patent Security Agreement, dated December 20, 2007, provided:

2

> The Borrower [i.e., John Hildreth] hereby irrevocably pledges and assigns to, and grants the Secured Party [i.e., Corsair] a security interest (the "Security Interest") with power of sale to the extent permitted by law, in the Patents whether or not registered with the U.S. Patent and Trademark Office to secure payment of the Obligations [i.e., debts that Defendants owed Plaintiff]. As set forth in the Settlement Agreement, the Security Interest is coupled with a security interest in substantially all of the personal property of the Borrower. This Agreement grants only the Security Interest herein described, is not intended to and does not affect any present transfer of title of any patent or application.

1st Am. Ex. A at 2 ¶ 2.

After Defendants materially breached the First Amendment and failed to cure the breach upon notice from Plaintiff, Plaintiff filed an Assignment of Patent with the United States Patent and Trademark Office on May 22, 2008. Mem. & Order 15, Paper No. 34; Pl.'s Mem. 11 & Ex. D-F, Paper Nos. 25-5 – 25-7. Plaintiff then filed the underlying Complaint initiating this action, Paper No. 1, and moved for summary judgment on September 29, 2009, Paper No. 25. Plaintiff sought a monetary judgment of $5,000,000; a declaration that Plaintiff "is the lawful assignee and owner of the Patent and can assign, license or sell the Patent free and clear from any claims of Defendant John J. Hildreth"; a declaration that Mr. Hildreth "has no rights in the Patent or to use the patented technology"; and a permanent injunction to enjoin Defendants from using the Patent or the patented technology or representing that they had such rights. Pl.'s Mem. 12.

This Court issued a Memorandum and Order on March 16, 2010, granting Plaintiff's Motion for Summary Judgment as to liability and denying it as to damages. Mem. & Order 15, 17, & 18. With regard to the monetary award sought, Plaintiff failed to identify and particularize the factual basis for such an award. *Id.* at 17. To the extent that Plaintiff sought a non-monetary award such as a declaration of rights and/or an injunction, the Court did not grant summary judgment because Plaintiff failed to provide any authority to show entitlement to this relief as a matter of law. *Id.*

Plaintiff filed a Supplemental Memorandum in Support of Entry of Money Judgment and Declaratory Relief ("Pl.'s Supp. Mem.") on April 15, 2010. Plaintiff requests monetary damages in the amount of $4,875,000 plus pre-judgment interest from February 1, 2008 to the Court's Order. Pl.'s Supp. Mem. 10. Plaintiff also requests an order declaring:

> (1) [Plaintiff] is the lawful assignee and owner of the Patent, together with any and all inventions and improvements described or claimed, divisions, continuations, continuations-in-part, reissues and extensions, and all rights corresponding to any of the foregoing throughout the world; (2) Corsair can sell, assign, transfer, pledge, license or encumber the Patent free and clear from any claims of Defendant John J. Hildreth; and (3) Defendant, John J. Hildreth has no rights in the Patent or to use the patented technology." *Id.*

Plaintiff no longer seeks a permanent injunction.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). The moving party bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). The Court considers the evidence in the light most favorable to the non-moving party. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, No. 08-1921, 2009 WL 2224755, at *3 (4th Cir. July 27, 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004).

If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Id.* at 251. Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.*

III. DISCUSSION

**A. Monetary Damages**

The "'measure of damages'" on a contract "'for the payment of a definite sum of money . . . is the amount of money promised to be paid, with legal interest, the allowance being [a] matter of legal right.'" *United Cable Television of Balt. Ltd. P'ship v. Burch*, 732 A.2d 887, 893 (Md. 1999) (quoting 1 J.P. POE, PLEADING AND PRACTICE IN THE COURTS OF LAW IN MARYLAND § 584C, at 608 (5th Tiffany ed. 1925)), *overturned on other grounds by* 2000 Md. Laws 59, *as stated in Plein v. Dep't of Labor*, 800 A.2d 757, 765 n.5 (Md. 2002). The Maryland Constitution provides that "[t]he Legal Rate of Interest shall be Six per cent. Per annum; unless otherwise provided by the General Assembly." Md. Const., art. III, § 57. Plaintiff argues that Defendants are liable to Corsair for monetary damages in the amount of $4,875,000 plus pre-judgment interest from February 1, 2008, to the Court's Order, because Defendants did not make any of the payments under the First Amendment that would have totaled $4,875,000.00 and should have been paid in full between January 31, 2008, and June 30, 2008. Pl.'s Supp. Mem. 3, 6-7. Plaintiff estimates that the pre-judgment interest totals $644,301.38 as of the date of filing its Supplemental Memorandum and that the interest continues to accrue at a rate of $801.37 per diem. *Id.* at 8. Defendants do not even address (let alone attempt to rebut) the entry of a money judgment in their Response.

As a matter of law, Defendants are liable to Corsair for $4,875,000.00 plus six percent interest. *See Burch*, 732 A.2d at 893. The Court notes that the final payment, constituting the bulk of the amount owed, was not due until June 30, 2008. Pl.'s Supp. Mem. 3. Therefore, Plaintiff's Motion for Summary Judgment as to damages is GRANTED. Judgment is entered against Defendants in the amount of $4,875,000.00 with interest at six percent from June 30, 2008 through the date of this Judgment.

**B. Declaratory Relief**

The Declaratory Relief Act, 28 U.S.C. § 2201(a), provides:

> In a case of actual controversy within its jurisdiction [with exceptions not relevant here], any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Put another way,

> [T]he court must consider three factors in determining whether to grant declaratory relief:
>
> > (1) the complaint must allege an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court must possess an independent basis for jurisdiction over the parties; and (3) the court must decide whether to exercise its discretion to determine or dismiss the action.

*Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.*, No. DKC-06-3177, 2010 WL 1328538, at *6 (D. Md. March 29, 2010) (quoting *Proa v. NRT Mid Atl., Inc.*, 477 F. Supp. 2d 677, 680 (D. Md. 2007) (internal marks omitted)); *see A.L. Mechling Barge Lines v. United States*, 368 U.S. 324, 331 (1961) (whether to grant declaratory relief is a matter of the Court's discretion). It is undisputed that an actual controversy warranting a declaratory judgment is present and that the Court has jurisdiction.

With regard to whether to exercise its discretion to grant declaratory relief, the Court should consider "'(1) whether the judgment will serve a useful purpose in clarifying the legal relations in issue; or (2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *N.E. Ins. Co. v. N. Brokerage Co.*, 780 F. Supp. 318, 320 (D. Md. 1991) (quoting *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 168 (4th Cir. 1990) (citation and quotation marks omitted)). A declaratory judgment that Corsair is the Patent owner and that it has certain rights as such will clarify legal relations and end the parties' aforementioned uncertainty and controversy, thereby providing relief. The Court previously declared that "the security interest in the Patent has become an absolute assignment of the Patent to Corsair." Mem. & Order 16. Indeed, Defendants agree that Corsair "is the present owner of the Patent and that it can sell, assign, transfer, pledge, license or encumber the patent." Defs.' Resp. 1. However, they argue that "Corsair is only entitled to dispose of the Patent for the purposes of satisfying its money judgment. Subsequent to any commercially reasonable sale that results in the receipt of money over the amount owed to Corsair, Defendants are entitled to the surplus proceeds." *Id.* Plaintiff insists that the Court held that "Corsair has an <u>absolute</u> assignment of the Patent," and that Defendants have not provided support "for treating an absolute assignment as a qualified assignment." Pl.'s Reply 3. It is true that Defendants offer no evidence or legal authority whatsoever to support their argument.

Also, characterizing Plaintiff's request that the Court declare that "'Mr. Hildreth has no rights . . . to use the patented technology'" as a request for injunctive relief, Defendants contend that "Plaintiff falls well short of demonstrating any entitlement to the injunctive relief sought." *Id.* at 2 (quoting Pl.'s Supp. Mem. 10). Defendants do not address Plaintiff's request that the Court declare that "Mr. Hildreth has no right in the patent . . . ." According to Plaintiff, "a

declaration that Mr. Hildreth has no rights in the Patent or to use the patented technology," as Corsair requested, "is not, contrary to Defendants' assertion, equivalent to an order by the Court enjoining Mr. Hildreth from using the patented technology." Pl.'s Reply 3.

An injunction is "[a] court order commanding or preventing an action." BLACK'S LAW DICTIONARY 629 (Bryan A. Garner ed., abridged 7th ed., West 2000). A declaratory judgment is "[a] binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." *Id.* at 678. The relief Plaintiff seeks, and the relief that this Court will grant, neither provides for nor orders enforcement. Thus, Plaintiff does not request injunctive relief, and the Court shall not grant an injunction.

Therefore, Plaintiff's Motion for Summary Judgment is GRANTED as to declaratory relief. Plaintiff is entitled to declaratory judgment that

(1) Corsair is the lawful assignee and owner of the Patent, together with any and all inventions and improvements described or claimed, divisions, continuations, continuations-in-part, reissues and extensions, and all rights corresponding to any of the foregoing throughout the world;

(2) Corsair can sell, assign, transfer, pledge, license or encumber the Patent free and clear from any claims of Defendant John J. Hildreth; and

(3) Defendant John J. Hildreth has no rights in the Patent or to use the patented technology.

For the aforementioned reasons, Plaintiff's Motion for Summary Judgment as to damages and declaratory relief is GRANTED. A separate Order follows.

Dated: <u>June 9, 2010</u>  _____ /S/_____
Paul W. Grimm
United States Magistrate Judge

lmy