IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

|  |  |  |
|---|---|---|
| CORSAIR SPECIAL SITUATIONS FUND, L.P., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 09-1201-PWG |
| ENGINEERED FRAMING SYSTEMS, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Motion to Quash Plaintiff Corsair Special Situations Fund, L.P.'s Subpoena Seeking Electronically Stored Documents from Verizon Wireless that Defendant Marie Noelle Hildreth ("Defendant") filed, ECF No. 134; and the Opposition thereto that Corsair Special Situations Fund, L.P. ("Corsair") filed, ECF No. 164. Mrs. Hildreth has not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2. I find that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated herein, Defendant's motion is DENIED. This Memorandum Opinion disposes of ECF Nos. 134 and 164.

I.  BACKGROUND

This Court entered judgment in the amount of $4,875,000 in Corsair's favor, against Defendants/Judgment Debtors John J. Hildreth, Marie N. Hildreth, EFS Structures, Inc., and Engineered Framing Systems, Inc, more than a year ago. Order 1, ECF No. 39. Over the past

fourteen months, Corsair has served interrogatories and documents requests in aid of execution of the judgment, *see* Mot. to Compel Interrog. & Req. for Produc. of Docs., ECF No. 43; writs of garnishment, *see* Affs. of Service, ECF Nos. 74, 75, 76, 118, and 133; and a subpoena *duces tecum*, *see* ECF No. 134-1, and scheduled depositions, *see* Mot. to Compel Dep. of Robert Condon and July 25, 2011 letter, ECF Nos. 126 and 163, all in a thus-far futile attempt to collect the judgment. By and large, Defendants have been unresponsive, repeatedly failing to respond to interrogatories and documents requests, and failing to appear in Court or for depositions or to respond completely and unevasively to questions posed. *See* March 31, 2011 Letter Order, ECF No. 99; June 3, 2011 Letter Order, ECF No. 111. Defendants' efforts to obstruct Corsair's actions to enforce a final judgment that the Fourth Circuit now has affirmed, ECF No. 178, resulted in an order that Defendants show cause why they should not be found in contempt of Court, ECF No. 83. It is against this backdrop that the Court considers Ms. Hildreth's Motion to Quash.

The dispute presently before the Court concerns a subpoena that Corsair served on the custodian of records for Verizon Wireless. Subpoena, ECF No. 134-1. In the subpoena, Plaintiff sought "telephone bills, invoices, incoming and outgoing call records, incoming and outgoing text messages, dates of account, invoices, roaming fees, etc." for Mrs. Hildreth's account. Subpoena, Schedule A of Docs. Defendant Marie Hildreth moved to quash the third-party subpoena as a "violation of Mrs. Hildreth's right to privacy" that "does not and will not advance this collection action against Mrs. Hildreth, because she has already disclosed her place of employment, bank accounts, personality [sic], and realty." Def.'s Mot. 1-2.

II. DISCUSSION

Under Fed R. Civ. P. 45(c)(3)(A)(iii)-(iv), on a timely motion, "the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception of waiver applies," or if the subpoena "subjects a person to undue burden." A person claiming privilege must "expressly make the claim" and "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(d)(2)(A). Additionally, "[t]o protect a person subject to or affected by a subpoena," which may include a party even if the subpoena was not directed at that party, *see Vogue Instrument Corp. v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967), the Court has the discretion to quash or modify a subpoena. Fed. R. Civ. P. 45(c)(3)(B). However, the circumstances to which Rule 45(c)(3)(B) pertains are not relevant here. *See* Fed. R. Civ. P. 45(c)(3)(B) (pertaining to trade secrets and "other confidential research, development, or commercial information"; unretained experts' opinions; and non-parties who would have to "incur substantial expense to travel more than 100 miles to attend trial").

Preliminarily, this Court must determine whether Defendant Marie Hildreth has standing to challenge the subpoena. Corsair argues that Mrs. Hildreth lacks standing, *see* Pl.'s Opp'n 10, and Mrs. Hildreth has not addressed the issue. Although Fed. R. Civ. P. 45(c)(2)(B) provides for "[a] person commanded to produce documents or tangible things"—not a party—to "serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials," and it is well established that "[o]rdinarily, a party does not have standing to challenge a subpoena issued to a non-party," an exception exists. *United States v. Idema*, 118 Fed. App'x 740 (4th Cir. Jan. 4, 2005); *see Brown v. Braddick*, 595 F.2d 961, 967

(5th Cir. 1979) (same); *Covad Commc'ns Co. v. Revonet, Inc.*, No. 09-MC-102, 2009 WL 3739278, at *3 (D.S.D. Nov. 4, 2009) (same); *Clayton Brokerage Co. v. Clement*, 87 F.R.D. 569, 571 (D. Md. 1980) (same); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2459 (3d ed. 2008) (same). A party has standing to challenge a subpoena served on a third party if "the party claims some personal right or privilege in the information sought by the subpoena." *Idema*, 118 Fed. App'x 740; *see Brown*, 595 F.2d at 967 (same); *Covad Commc'ns Co.*, 2009 WL 3739278, at *3 (same); *Clayton Brokerage Co.*, 87 F.R.D. at 571 (same); *Norris Mfg. Co. v. R.E. Darling Co.*, 29 F.R.D. 1, 2 (D. Md. 1961); Wright & Miller, *supra*, § 2459 (same).

Here, Mrs. Hildreth claims that production of the documents that Plaintiff seeks would violate what Mrs. Hildreth vaguely refers to as her "right to privacy," but without citation to any supporting authority. Def.'s Mot. 1. As noted, those documents are "telephone bills, invoices, incoming and outgoing call records, incoming and outgoing text messages, dates of account, invoices, roaming fees, etc." Subpoena, Schedule A of Docs. "An individual does not have a legitimate expectation of privacy in the telephone numbers that are dialed on his or her telephone." *Booker v. Dominion Va. Power*, No. 3:09cv759, 2010 WL 1848474, at *9 (E.D. Va. May 7, 2010); *see United States v. Plunk*, 153 F.3d 1011, 1019-20 (9th Cir. 1998) ("individuals possess no reasonable expectation of privacy in telephone records"); *United States v. Nolan*, 423 F.2d 1031, 1044 (10th Cir. 1969) (same). Although an individual might "harbor some subjective expectation that the phone numbers he dialed would remain private," the expectation is not a legitimate expectation because it "is not one that society is prepared to recognize as reasonable." *Booker*, 2010 WL 1848474, at *9 (quoting *Smith v. Maryland*, 442 U.S. 735, 743 (1979) (quoting *Katz v. United States*, 389 U.S. 347, 361 (1967))) (quotation marks omitted).

Therefore, Mrs. Hildreth has no right to privacy in her "incoming and outgoing call records" or the numbers associated with her "incoming and outgoing text messages." *See Booker*, 2010 WL 1848474, at *9; *Smith*, 442 U.S. at 743; *Katz*, 389 U.S. at 361. Consequently, she has no standing to challenge the subpoena insofar as it pertains to her "incoming and outgoing call records" or the numbers associated with her "incoming and outgoing text messages." *See Idema*, 118 Fed. App'x 740; *Brown*, 595 F.2d at 967; *Covad Commc'ns Co.*, 2009 WL 3739278, at *3; *Clayton Brokerage Co.*, 87 F.R.D. at 571.

As for the bills, invoices, dates of account, and roaming fees, case law pertaining to privacy rights in bank records is analogous, and therefore informative. Bank records "'are not confidential communications, but instruments of commercial transactions'" and "'the business records of the bank.'" *Robertson v. Cartinhour*, No. AW-09-3436, 2010 WL 716221, at *2 (D. Md. Feb. 23, 2010) (quoting *Clayton Brokerage Co.*, 87 F.R.D. at 571); *see United States v. Miller*, 425 U.S. 435, 440 (1975) (holding that bank documents are "business records of the bank" rather than the bank's customer's "private papers") (abrogated in part on other grounds by statute). Therefore, "'the issuance of a subpoena requiring the bank to produce its records is not violative of any cognizable privacy right of the defendant.'" *Robertson*, 2010 WL 716221, at *2 (quoting *Clayton Brokerage Co.*, 87 F.R.D. at 571). A phone company's invoices to customers, likewise, are business records of the phone company, and not personal documents in which a customer could have a reasonable expectation of privacy. *See generally Robertson*, 2010 WL 716221, at *2; *Clayton Brokerage Co.*, 87 F.R.D. at 571. Without a reasonable expectation of privacy, Defendant Marie Hildreth has no standing to challenge the subpoena insofar as it pertains to the phone company's records, i.e., the bills, invoices, dates of account, and roaming

5

fees. *See Idema*, 118 Fed. App'x 740; *Brown*, 595 F.2d at 967; *Covad Commc'ns Co.*, 2009 WL 3739278, at *3; *Clayton Brokerage Co.*, 87 F.R.D. at 571.

With regard to the contents of the text messages, the parties have not cited, and this Court's research has not disclosed, any case law in the Fourth Circuit holding that a party has a protected privacy interest in the contents of text messages that the party sent or received. Nor is there consistency among the other Circuits. *Compare United States v. Finley*, 477 F.3d 250, 259 (5th Cir. 2007) (holding that the defendant had a reasonable expectation of privacy in the text messages on his cell phone) *with United States v. Jones*, 149 Fed. App'x 954, 959 (11th Cir. 2005) (analogizing text messages to letters sent in the mail, for which "'the sender's expectation of privacy ordinarily terminates upon delivery,'" or e-mail, for which the sender "loses 'a legitimate expectation of privacy [when] the e-mail . . . already reached its recipient,'" and concluding that "the defendants did not have a reasonable expectation of privacy in the text messages received or sent by [a co-defendant]") (citations omitted). Moreover, in *City of Ontario v. Quon*, 130 S. Ct. 2619 (2010), the Supreme Court made clear that the contours of a reasonable expectation of privacy within the sphere of digital communications is unresolved both in the courts of law and in the court of public perception. It declined to determine whether Quon had a reasonable expectation of privacy in his text messages, explaining: "Prudence counsels caution before the facts in the instant case are used to establish far-reaching premises that define the existence, and extent, of privacy expectations enjoyed by employees when using employer-provided communication devices." *Id.* at 2629.

Mrs. Hildreth has the burden of showing that she has standing to challenge the third-party subpoena by demonstrating that the information sought is privileged. *See* Fed. R. Civ. P. 45(d)(2)(A); *United States v. Bornstein*, 977 F.2d 112, 116 (4th Cir. 1992) (party asserting

privilege "bear[s] the burden of proving that [the privilege] applies"). In this regard, she has failed, and the Court cannot find that she has standing to challenge any aspect of the subpoena served on Verizon Wireless. Therefore, Defendant Marie Hildreth's Motion to Quash is DENIED.

I will, however, order that the information received by Corsair in response to the subpoena shall be subject to the following protective order: (1) the information received shall not be used for any purpose except to assist in collecting the judgment; (2) it shall not be copied or disseminated beyond what is necessary to accomplish this purpose; and (3) once the judgment has been satisfied, the copies shall be destroyed or returned to Ms. Hildreth within thirty (30) days of satisfaction of the judgment.

A separate order shall issue.


Dated: <u>August 17, 2011</u>                                  <u>       /S/                      </u>
                                                                Paul W. Grimm
                                                                United States Magistrate Judge

lyb