**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| **CORSAIR SPECIAL SITUATIONS FUND, L.P.,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 09-1201-PWG |
| **ENGINEERED FRAMING SYSTEMS, INC.,** *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses the Motion for Default Judgment Against Garnishee EFS Global, LLC, ECF No. 135, that Plaintiff/Judgment Creditor Corsair Special Situations Fund, L.P. ("Corsair") filed; the Supplemental[1] Response and Answer to Corsair's Motion that EFS Global, LLC ("Global") filed, ECF No. 168; and Corsair's Reply, ECF No. 182. Having reviewed the papers, which do not contain a request for a hearing, I find that a hearing is not necessary. *See* Loc. R. 105.6; Md. R. 2-643(f). For the reasons stated herein, Corsair's Motion for Default Judgment Against Garnishee EFS Global, LLC is DENIED WITHOUT PREJUDICE. This Memorandum Opinion disposes of ECF Nos. 135, 168, and 182.

---

[1] EFS Global, LLC titles its Response "Supplemental Response and Answer," but it is the first response filed with the Court.

I. BACKGROUND

On June 9, 2010, this Court entered judgment in Corsair's favor, against Defendants/Judgment Debtors John J. Hildreth, Marie N. Hildreth, EFS Structures, Inc., and Engineered Framing Systems, Inc. Order 1, ECF No. 39. The judgment was in the amount of $4,875,000 plus interest at six percent from June 30, 2008 through the date of the judgment, June 9, 2010.[2] *Id.* Since then, in an attempt to collect the judgment, Corsair has served interrogatories and documents requests in aid of execution of the judgment, *see* Mot. to Compel Interrogatories and Request for Production of Documents, ECF No. 43, as well as numerous writs of garnishment, *see* Affidavits of Service of Writs of Garnishment, ECF Nos. 74, 75, 76, 118, and 133.

Corsair requested that the Clerk of Court issue writs of garnishment for property *other than wages* as to Global, for any property Global had in its possession belonging to Defendants John J. Hildreth, Marie Hildreth, EFS Structures, Inc., and Engineered Framing Systems, Inc. ECF Nos. 100-103. The Clerk issued the Writs as to Global on April 18, 2011, directing it "to hold, subject to further proceedings, any property of the Judgment Debtor[s] in [Global's] possession at the time of service of this Writ and all property of the Judgment Debtor[s] that may come into [Global's] possession after service of this Writ," and to "file an answer to the court within thirty (30) days," because "failure to do so [could] result in a judgment by default being entered against [it]." ECF Nos. 104-107. Corsair's attorney, Robert S. Brennen, provided an Affidavit of Service, stating that "on May 16, 2011, Writs of Garnishment for Property Other than Wages as to Engineered Framing Systems, Inc., EFS Structures, Inc., John J. Hildreth and

---

[2] The Court entered a Revised Order of Judgment, *nunc pro tunc* to June 9, 2010, for judgment in the amount of $5,443,171.33, which included the principal amount of $4,875,000, and the interest from June 30, 2008 through June 9, 2010, of $568,171.33. ECF No. 181.

Marie Hildreth were personally served on John J. Hildreth, Resident Agent for Garnishee EFS Global, LLC . . . . at approximately 11:30 am in Judge Garbis' courtroom in the United States District Court for the District of Maryland." Brennen Aff. 1, ECF No. 118.

According to Global, Mr. Hildreth received "a binder of papers pertaining to the infringement matter" and "was unaware that he had been served garnishment papers on Global." Garnishee's Resp. ¶¶ 2-3. Garnishee claims that Mr. Hildreth did not discover the Writs until "several weeks later." *Id.* ¶ 4. In a second affidavit, Plaintiff's attorney insists, to the contrary, that he "specifically told Mr. Hildreth that the documents [he] was giving to him were 'Writs of Garnishments'"; that he gave the binder to Defense counsel, not to Mr. Hildreth; and that the Writs "were the only documents that [he] gave to John Hildreth on that date." Second Brennen Aff. ¶¶ 4-5, ECF No. 182-1.

Although the Writs were for property other than wages, Global states that, in response to the Writs, it began to garnish Mr. Hildreth's wages "on or about May 30, 2011." Garnishee's Resp. ¶ 6. Thus, Global was aware of the Writs by May 30, 2011 at the latest. *See id.* Garnishee said nothing with regard to Mr. Hildreth's or the other Defendants/Judgment Debtors' property other than wages. *See id.* The Defendants/Judgment Debtors did not respond to the Writs. On July 15, 2011, Corsair filed the Motion for Default Judgment Against Garnishee EFS Global, LLC, which is now before this Court.

II.   DISCUSSION

Garnishment, a "'form of attachment,'" is "'a means of enforcing a judgment' which 'allows a judgment creditor to recover property owned by the debtor but held by a third party, the garnishee.'" *Harbor Bank v. Hanlon Park Condo. Ass'n*, 834 A.2d 993, 995 (Md. App. 2003)

(citation omitted). The purpose "is to determine whether the garnishee has any funds, property or credits which belong to the judgment debtor." *Fico v. Ghinger*, 411 A.2d 430, 436 (Md. 1980). To garnish property, the judgment creditor serves a writ of garnishment on the garnishee, which binds the garnishee "'to safely keep the assets of the debtor in his possession, together with any additional assets that come into his possession up to the time of trial.'" *Harbor Bank*, 834 A.2d at 995 (citation omitted). Thereafter, "'if the garnishee surrenders the property after service of the writ but prior to judgment, the garnishee is liable to the judgment creditor for the value of the debtor's property released.'" *Id.* (citation omitted). Notably, however, "a judgment creditor 'can recover only by the same right and to the same extent that the judgment debtor might recover.'" *Simpson v. Consol. Constr. Servs.*, 795 A.2d 754, 761 (Md. Ct. Spec. App. 2002) (quoting *Fico*, 411 A.2d at 436), *aff'd in part, rev'd in part on other grounds*, 813 A.2d 260 (Md. 2002). Put more clearly, the garnishee only is liable for "funds, property or credits for which the debtor would himself have a right to sue." *Nw. Nat'l Ins. Co. v. William G. Wetherall, Inc.*, 325 A.2d 869, 874 (Md. 1974).

State procedures govern the enforcement of a writ of garnishment of property. *See* Fed. R. Civ. P. 69. Fed. R. Civ. P. 69(a)(1) provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Because no federal statute applies to writs of execution, Md. Rules 2-641 – 2-649 govern.

A writ of garnishment must "notify the garnishee of the time within which the answer must be filed and that the failure to do so may result in judgment by default against the garnishee," Md. Rule 2-645(c)(3); "notify the judgment debtor and garnishee that federal and state exemptions may be available," Md. Rule 2-645(c)(4); and "notify the judgment debtor of

4

the right to contest the garnishment by filing a motion asserting a defense or objection," Md. Rule 2-645(c)(5). Md. Rule 2-645(i) provides that the judgment debtor may move for release of the property within thirty days. Md. Rule 2-645(e) provides that "[t]he garnishee shall file an answer within the time provided by Rule 2-321," which, in this case, is thirty days from service of the Writ. *See* Md. Rule 2-321(a). If the garnishee does not file an answer with the allotted time, "the judgment creditor may proceed pursuant to Rule 2-613 for a judgment by default against the garnishee." Md. Rule 2-645(f).

In this district, although "[t]he United States Court of Appeals for the Fourth Circuit has a 'strong policy that cases be decided on the merits,' . . . default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (citations omitted). Fed. R. Civ. P. 55 governs default judgments in federal court. Rule 55(b)(1) provides that the Clerk "must enter judgment" if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." If the sum is not certain and cannot be made certain, the party seeking default judgment "must apply to the court for a default judgment," Fed. R. Civ. P. 55(b)(2), and the Court will determine whether default judgment is appropriate, taking as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

The Court is not required to enter a default judgment simply because a defendant is unresponsive and a plaintiff moves for default judgment. *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2685 (3d ed. 1998). Indeed, "the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)." *Id.* Rather, "the district

judge is required to exercise sound judicial discretion in determining whether the judgment should be entered," and the Court may "refuse to enter a default judgment." *Id.* The Court may consider various factors in determining whether a default judgment is appropriate, including "whether it later would be obliged to set aside the default on defendant's motion, since it would be meaningless to enter the judgment as a matter of course if that decision meant that the court immediately would be required to take up the question of whether it should be set aside." *Id.*

Here, the Court already has entered judgment against Defendants/Judgment Debtors for $4,875,000 plus interest in Corsair's favor. *See* Order 1. Corsair moves for default judgment against Garnishee Global for $4,875,000. Pl.'s Mot. 2. Corsair served Writs on Global on April 18, 2011, and neither Garnishee nor Defendants/Judgment Creditors responded within thirty days of receipt of the Writs. *See* Md. Rule 2-645(e), (i), 2-321(a). Garnishee ultimately responded on July 29, 2011, well over thirty days after Corsair served the Writs on Mr. Hildreth as a representative of Global in mid-May, and well over thirty days after Mr. Hildreth allegedly realized he had been served in late May. The Writs complied with Md. Rule 2-645 and stated that the amount of judgment owed is $4,875,000. Therefore, if Garnishee has possession of any of Defendants/Judgment Debtors' property, the Court may enter judgment against Garnishee for that amount, up to $4,875,000. *See* Md. Rule 2-645(f); *Harbor Bank*, 834 A.2d at 995.

Notably, the judgment against Garnishee should be for Defendants/Judgment Debtors' "funds, property or credits" in Garnishee's possession, *see Nw. Nat'l Ins. Co.*, 325 A.2d at 874, which is not necessarily equivalent to the $4,875,000 judgment entered in Corsair's favor, *see* Order 1. That judgment "is conclusive proof of the *judgment debtor's* obligation" to Corsair. *See Fico, Inc.*, 411 A.2d at 436 (emphasis added). Yet, it is not proof of the amount of Defendants/Judgment Debtors' property that Garnishee holds. Moreover, Corsair has the burden

6

of proving the amount of Defendants/Judgment Debtors' property that Garnishee holds, because "[t]o recover in a garnishment action, the judgment creditor must present evidence legally sufficient to prove a liability of the garnishee which existed when the writ was issued or when the case was tried." *Johns Hopkins Hosp. v. Post*, 321 Fed. App'x 259, 263 (4th Cir. 2009).

In an effort to acquire that proof, Corsair served the aforementioned Writs on Global. Through Garnishee's late-filed Response, the Court learned that, as of July 29, 2011, Global had garnished $5,699.43 from Mr. Hildreth's wages and "will continue to [garnish Mr. Hildreth's wages] on a weekly basis." Garnishee's Resp. ¶¶ 7, 9. Thus, Garnishee holds $5,699.43 of Mr. Hildreth's wages. Remarkably, Global's incomplete and evasive Response to the Writs does not address the subject of the Writs, i.e., property other than wages. Consequently, through no fault of its own, Corsair fails to meet its burden of producing evidence of Defendants/Judgment Debtors' property in Garnishee's possession.

The Court exercises its discretion not to enter a default judgment at this time, because Garnishee Global could challenge a judgment against it in any amount that exceeded the amount of Defendants/Judgment Debtors' property that Global actually held at the time the Writ was served or acquired thereafter. *See* Wright & Miller, Fed. Practice & Proc. § 2685. Global is ordered to provide, within fourteen (14) days of the date of this Memorandum Opinion, a complete and non-evasive response to the Writs, indicating the amount, if any, of each Defendant/Judgment Debtor's property *other than wages* that Global holds. If Global fails to do so, the Court may treat that failure as contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).

III. CONCLUSION

Global is ordered to provide, within fourteen (14) days of the date of this Memorandum Opinion, a complete and non-evasive response to the Writs, indicating the amount, if any, of

each Defendant/Judgment Debtor's property *other than wages* that Global holds. Corsair's Motion for Default Judgment is DENIED without prejudice to renewing it, as appropriate, after Global has responded to the Writs.

      A separate order shall issue.


Dated: <u>August 24, 2011</u>                                           _____/S/_____
                                                                                            Paul W. Grimm
                                                                                            United States Magistrate Judge

lyb